**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| **MICHAEL BRANNIGAN, ATTORNEY-IN-FACT FOR PATIENT KD, and WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a/ JET ICU,** | **Case No. 8:21-cv-00456-CEH-AAS** |
| **Plaintiffs,** | |
| **v.** | |
| **ANTHEM INSURANCE COMPANIES, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD,** | |
| **Defendant.** | |

<u>**MOTION TO DISMISS FIRST AMENDED COMPLAINT**</u>

Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(6), and L.R. S.D. Fla. 7.1, Defendant Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield ("AICI"), by and through undersigned counsel, moves the Court for the entry of an Order dismissing Plaintiffs' First Amended Complaint (the "FAC" [Dkt. 14]) for lack of standing, lack of personal jurisdiction, and failure to state a claim. Plaintiffs—an out-of-network air ambulance company and the company's attorney purporting to act pursuant to a power of attorney ("POA") received from AICI's member—bring a single claim for benefits under the Employee Retirement Income Security Act ("ERISA"). Plaintiffs disagree with the amount that AICI determined was provided under the member's plan for an out-of-network flight transporting the

1

member from Granada to Florida after the member fell ill on a cruise ship in 2019.

Preliminarily, Plaintiffs lack standing to bring the FAC due to a valid and enforceable anti-assignment provision in the relevant benefits plan at issue. Plaintiffs' FAC—a thinly veiled attempt to skirt the underlying anti-assignment provision—still does not compensate for the fact that Plaintiff Worldwide Aircraft Services, d/b/a Jet ICU ("Jet ICU") did not have standing to bring the original Complaint. Regardless, even as amended, neither Plaintiff Michael Brannigan as attorney-in-fact for Patient K.D. ("Brannigan") nor Jet ICU (collectively, "Plaintiffs") have standing to bring the ERISA claim against AICI contained in the FAC. Brannigan is not suing for the benefit of Patient K.D.; indeed, on the face of the pleadings, Brannigan is an attorney for Jet ICU and therefore cannot plausibly assert that he is not suing on behalf of himself and/or Jet ICU. Further, Jet ICU does not have standing to sue in its individual capacity as it is not a plan beneficiary. The FAC should be dismissed due to Plaintiffs' lack of standing.

Moreover, Plaintiffs fail to allege facts that would establish personal jurisdiction over AICI. The Court may exercise personal jurisdiction over AICI, an Indiana Defendant, only if: (1) the Florida long-arm statute is satisfied as to AICI and (2) AICI has minimum contacts with Florida sufficient to satisfy due process. Neither requirement is met here because AICI does not conduct any business in Florida. The Complaint should therefore be dismissed as to AICI.

2

Finally, Plaintiff's Complaint fails to state a sufficient claim for relief under ERISA as, despite having the operative plan documents, Plaintiffs cannot and do not identify which portion(s) of the plan has been breached. Accordingly, the FAC is also ripe for dismissal on these grounds.

For all these reasons, Plaintiffs' FAC should be dismissed.

## PROCEDURAL BACKGROUND

Plaintiff Jet ICU originally filed a Complaint on February 25, 2021 bringing a claim for breach of implied-in-fact contract premised on the same allegations in the FAC. [Dkt. 1.] Following an agreed upon extension of time for AICI to respond and a meet and confer wherein AICI provided the underlying Plan, the FAC was filed on behalf of Jet ICU and Brannigan on April 15, 2021. [Dkt. 14.] Brannigan alleges that he was granted a POA from Patient K.D. which he alleges confers ERISA standing. FAC, ¶ 37. Notably, Plaintiffs do not attach a signed POA to the FAC. FAC, *passim*.

## FACTUAL BACKGROUND

Plaintiffs allege that Jet ICU provided air ambulance services to AICI's beneficiary, Patient K.D., on or about November 22, 2019 after Patient K.D. became ill on a cruise. FAC, ¶¶ 3. Plaintiff Jet ICU is the "on-call Jet air ambulance service for Princess Cruise Line" but is an out-of-network provider for AICI meaning that it has no express contract with AICI to provide services to AICI's members. *Id.*

Patient K.D. is a member of a health benefits plan (the "Plan") that is administered by AICI and covered by ERISA.[1]  Plaintiffs allege that AICI preauthorized Jet ICU's services as medically necessary but do not make any allegations regarding representations made by AICI as to an agreed upon rate to transport AICI's member. FAC, ¶¶ 4-5.  Plaintiffs allege that AICI reimbursed $25,675.40 of the $415,597.00 amount billed leaving an unreimbursed amount of $388,922.60.  FAC, ¶ 5.  While Plaintiffs admit that their claim for additional benefits is governed by ERISA, they also claim they are entitled to "the usual and customary amount governed by Fla. Stat. § 627.513(5) for emergency services (net of the applicable copayment)" or "the out-of-network out-of-area rate specified in the AICI Blue Access Health Certificate of Coverage issued to patient K.D."  FAC, ¶¶ 1, 6-7.  Plaintiffs do not cite to any provision in the Plan supporting these allegations.

Plaintiffs' only allegations concerning the existence of personal jurisdiction are that AICI "systematically and continuously conducts business in the State of Florida, and otherwise has minimum contacts with the State of Florida sufficient to establish personal jurisdiction over it." FAC, ¶ 9. Plaintiffs allege broadly and vaguely that AICI conducts business in this State by (1) authorizing Florida healthcare providers to provide healthcare services to its members and paying for

---

[1] A true and correct copy of the Plan is attached to the Declaration of Michelle Kersey ("Kersey Decl."), attached hereto as **Exhibit A**.

such services; (2) contracting with "home plans" to process and pay its claims in Florida pursuant to the Blue Card Program; and (3) intentionally advertising to its members that it provides access to healthcare goods and services in Florida. FAC, ¶ 10. Neither Plaintiffs' conclusory allegations nor the record evidence establish personal jurisdiction over AICI given that AICI has no minimum contacts in Florida.

## LEGAL STANDARD

Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The point is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (internal citation omitted). Although a court must accept well pleaded allegations as true, this rule "is inapplicable to legal conclusions." *Id.* at 678. Granting a motion to dismiss is appropriate when a complaint contains simply "a formulaic recitation of the elements of a cause of action." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss, a complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence" in support of the claim. *See id.* Mere conclusory allegations, however, are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## **ARGUMENT**

## I.    **NEITHER JET ICU NOR BRANNIGAN HAVE STANDING TO BRING AN ERISA CLAIM.**

Neither Plaintiff to the FAC has the necessary statutory or derivative authority to claim legal standing to bring an ERISA claim.  "Two categories of persons may sue for benefits under an ERISA plan: plan beneficiaries and plan participants." *Griffin v. Coca–Cola*, 686 Fed. App'x. at 821–22 (citing 29 U.S.C. § 1132(a)(1)(B)). The Eleventh Circuit has explained that

> Section 502(a) of ERISA provides that only plan participants and plan beneficiaries may bring a private civil action to recover benefits due under the terms of a plan, to enforce rights under a plan, or to recover penalties for a plan administrator's failure to provide documents. 29 U.S.C. § 1132(a)(1), (c). This provision also limits the right to sue for breach of fiduciary duty to plan participants, plan beneficiaries, plan fiduciaries, and the Secretary of Labor. Id. § 1132(a)(2). Additionally, only plan participants, plan beneficiaries, and plan fiduciaries may bring a civil action to obtain equitable relief to redress a practice that violates ERISA or the terms of a plan. *Id*. § 1132(a)(3).

*Griffin v. Habitat for Humanity Int'l, Inc.*, 641 Fed. App'x. 927, 930 (11th Cir. 2016). "Healthcare providers are typically not 'participants' or 'beneficiaries,' so they lack independent standing, but they may obtain derivative standing through a written assignment from a beneficiary or participant." *Griffin v. Coca–Cola*, 686 Fed. App'x. at 821–22.  "Because ERISA–governed plans are contracts, the parties are free to bargain for certain provisions in the plan—like assignability." *Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1296

6

(11th Cir. 2004); *see Griffin v. Habitat for Humanity*, 641 Fed. Appx. at 930 ("We have recognized that "[h]ealthcare providers may acquire derivative standing ... by obtaining a written assignment from a 'beneficiary' or 'participant' of his right to payment of benefits under an ERISA-governed plan.") (internal citations omitted). Further, the assignment "of the right to payment for medical benefits… also conveys the right to file an action under section 502(a) of ERISA for unpaid benefits." *Griffin v. Coca–Cola*, 686 Fed. App'x. at 821–22 (citing *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1352–53 (11th Cir. 2009)).

Here, the FAC appears to allege that Brannigan has derivative standing to pursue the ERISA cause of action (the only cause of action in the FAC) due to a Power of Authority ("POA") issued to Brannigan by AICI's beneficiary, K.D. Notably, the FAC is silent with regard to Jet ICU's standing to bring an ERISA claim. Regardless, neither Jet ICU nor Brannigan allege standing sufficient to bring an ERISA claim. Accordingly, the FAC should be dismissed.

### A.    Jet ICU Does Not Allege (Nor Could It) Standing to Bring a Claim for Benefits Under ERISA

Preliminarily, Jet ICU cannot and does not have standing to bring an ERISA claim due to a valid and unambiguous anti-assignment clause contained in the Plan. The Eleventh Circuit has long held that "an unambiguous anti-assignment provision in an ERISA-governed welfare benefit plan is valid and enforceable." *Id*. Such an

anti-assignment provision "will operate to void the assignment," and "[i]f there is such an unambiguous anti-assignment provision, the healthcare provider will lack derivative standing and cannot maintain the ERISA action." *Griffin v. Coca–Cola*, 686 Fed. Appx. at 821–22; *see Griffin v. Habitat for Humanity*, 641 Fed. Appx. at 930 ("[W]hen a plan contains an unambiguous anti-assignment provision, a plan participant or beneficiary may not assign benefits to a healthcare provider, meaning the healthcare provider cannot acquire a cause of action under section 502(a)").

Here, Plaintiffs jointly attempt to skirt an unambiguous anti-assignment provision by changing the posture of the FAC.  However, alleging derivative ERISA standing via Brannigan's POA still does not confer standing to Jet ICU.  This is, quite simply, because Jet ICU does not have standing: due to the valid and enforceable anti-assignment clause, Jet ICU is precluded from bringing a claim for benefits under ERISA.

### 1.    The Anti–Assignment Clause is Valid

In considering whether the Plan's anti-assignment clause is unambiguous (and thus valid), the Court should be guided not only by the plain language of the clause, but also by the Eleventh Circuit's consideration of the anti-assignment clauses in *Physicians Multispecialty*, *Griffin v. Habitat for Humanity*, and *Griffin v. Coca–Cola*..  In *Physicians Multispecialty*, the Eleventh Circuit found that the following anti-assignment clause was clear and unambiguous:

8

> "[e]xcept as applicable law may otherwise require, no amount payable at any time... shall be subject in any manner to alienation by... assignment... of any kind [ ]."

371 F.3d at 1296.  In *Griffin v. Habitat for Humanity*, the Circuit found that the insured's assignments to her healthcare provider were void due to the following anti-assignment clause:

> "Except as applicable law may otherwise require, no amount payable at any time hereunder shall be subject in any manner to alienation by ... assignment.... Any attempt to ... assign ... any such amount, whether presently or hereafter payable, shall be void."

641 Fed. Appx. at 931.  And in *Griffin v. Coca–Cola*, the Eleventh Circuit found that the following anti-assignment clause was unambiguous:

> "Members cannot legally transfer the coverage. Benefits under [the plan] are not assignable by any member without obtaining written permission" from the plan administrator.

686 Fed. Appx. at 822.

Here, the Plan contains two applicable anti-assignment clauses which state that Patient K.D.:

- "[C]annot assign your right to receive payment to anyone…" and "cannot legally transfer the coverage."; and

- "Benefits available under this Certificate are not assignable by any member without obtaining written permission from the Plan… ."

*See* Kersey Decl. at Ex. 1, Page M-85.  These provisions are unambiguous on their face.  Plaintiffs have not asserted (nor could they) that they obtained written

permission from the Plan.  Compared to other anti-assignment clauses that the Eleventh Circuit has already deemed unambiguous, the anti-assignment clause at issue here is clear and unambiguous.  *See Surgery Ctr. of Viera, LLC v. United Launch All. LLC*, No. 617CV755ORL40DCI, 2018 WL 922203, at *4–5 (M.D. Fla. Jan. 31, 2018).  Accordingly, Plaintiff Jet ICU does not have standing to bring a claim for benefits under ERISA and should be dismissed from this case.

### B.    Plaintiff's Power-of-Attorney Theory Fails on Multiple Fronts.

Given the inability of Jet ICU to bring an ERISA claim, Plaintiffs allege that Brannigan has a POA in an attempt to allege derivative standing under ERISA. However, for multiple reasons, this pleading stratagem fails.

### i.    Brannigan is not suing for the benefit of Patient K.D.

Recognizing that any alternative theory of standing by Jet ICU is foreclosed by the valid and enforceable anti-assignment provisions in the Plan, Plaintiffs try to skirt the issue of ERISA standing via the alleged POA to Brannigan.  However, an attorney-in-fact may not act for its own benefit; it must only act for the benefit of its principal. *See In re Estate of Bell*, 573 So. 2d 57, 59 (Fla. Dist. Ct. App. 1990) (power of attorney did not authorize agent to use principal's funds for her own personal benefit); *see also Martin v. Sealey*, 1985 WL 1177602, at *2 (Terr. V.I. Feb. 7, 1985) ("Absent specific authority to do otherwise, an attorney in fact may act only for the benefit of the principal.") (citing Restatement (Second) of Agency § 39).

10

Florida federal courts have applied this rule in the ERISA context, including expressly holding that a POA does not give a plaintiff standing to pursue ERISA claims in its own name. *See Peacock Med. Lab, LLC v. UnitedHealth Grp., Inc.*, No. 14-81271-CV, 2015 WL 2198470, at *3 (S.D. Fla. May 11, 2015) (citing *Loveland ex rel. Loveland v. State Farm Fire & Cas. Co.*, No. 13–20177–CIV–HUCK, 2013 WL 1325365, at *2 (S.D.Fla. Apr.1, 2013); *Luria–Akin v. Devonshire at PGA Nat., LLC*, No. 08–80349CIV–MARRA/JO, 2008 WL 1745063, at *1 (S.D.Fla. Apr.11, 2008); *Falin v. Condo. Ass'n of La Mer Estates, Inc.*, No. 11–61903–CV, 2011 WL 5508654, at *2 (S.D.Fla. Nov.9, 2011)).

Here, Brannigan's sole connection to this case is via the POA from AICI's beneficiary, Patient K.D. Because Brannigan does not have standing to bring a claim in his own name under Florida precedent, Brannigan should be dismissed as an improper plaintiff.

### ii. The failure to attach the POA necessitates dismissal.

Plaintiffs' failure to attach the POA demonstrates that the POA likely does not withstand scrutiny. Powers of attorney are creatures of state law, *see* 140 Am. Jur. Trials 185 (2015), and are strictly construed. *Dingle v. Prikhdina*, 59 So.3d 326, 328 (Fla. 5th DCA 2011). "[An] attorney-in-fact can seek relief under [ERISA] for an Individual Plaintiff only if that Individual Plaintiff is still owed payment or reimbursement. Otherwise, [the attorney-in-fact] is not acting within the scope of

the POA; it is acting to obtain payment for itself, not for the Individual Plaintiff." *Chiron Recovery Ctr., LLC v. United Healthcare Servs., Inc.*, No. 19-80766-CIV, 2019 WL 9104170, at *8 (S.D. Fla. Sept. 13, 2019), *report and recommendation adopted*, No. 9:19-CV-80766, 2019 WL 9104169 (S.D. Fla. Nov. 26, 2019). Because the FAC is devoid of facts relating to (1) the scope of the POA, (2) the portions of the Plan allegedly breached, and (3) how Patient K.D. is entitled to any reimbursement under the facts given, Brannigan does not allege sufficient facts to state a plausible claim that he is acting within the score of the POA. *Id*. Accordingly, Plaintiff Brannigan lacks standing to state a claim for relief under Rule 12(b)(1).

Moreover, Florida's Power of Attorney Act requires valid powers of attorney to contain very specific formalities and "must be signed by the principal and by two subscribing witnesses and be acknowledged by the principal before a notary public." Fla. Stat. Ann. § 709.2105. Plaintiffs' failure to attach a POA to the FAC leaves the Court unable to discern if Brannigan holds a valid power of attorney under Florida law. Thus, Plaintiff Brannigan should not be permitted to proceed, notwithstanding that he cannot rely on a POA to prosecute this action.

## II.    PLAINTIFFS FAIL TO ALLEGE PERSONAL JURISDICTION

Plaintiffs' jurisdictional allegations are solely directed to general jurisdiction, which the Supreme Court has recently made clear only apply against an out of state defendant such as AICI in extraordinary cases, none of which are even alleged here.

FAC, ¶ 9; *Daimler AG v. Bauman,* 134 S. Ct. 746, 761 (2014). Rather, in order to sustain personal jurisdiction, Plaintiffs must allege that there is a specific nexus between this claim and AICI's contacts with Florida. Because Plaintiffs cannot make such allegations, their FAC must be dismissed.

### A.    AICI is Not Subject to General Jurisdiction in Florida.

Recent Supreme Court case law has followed a trend of narrowing personal jurisdiction over corporate defendants. *See Fincantieri-Cantieri Navali Italiani S.p.A. v. Yuzwa*, 241 So. 3d 938, 944 (Fla. 3d DCA 2018), *reh'g denied* (May 7, 2018) ("More recently, the Supreme Court has decided two cases that raise the bar even higher for general jurisdiction."). These cases hold that general personal jurisdiction is available only where a corporation is "at home" – which means that ordinarily, the corporation is *only* subject to general jurisdiction where it is incorporated and (if different) where it has its principal place of business. *Daimler*, 134 S. Ct. at 761; *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (U.S. 2011) (stating that "for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home . . . identifying domicile, place of incorporation, and principal place of business as 'paradig[m]' bases for the exercise of general jurisdiction'"). General jurisdiction will only exist outside those limited locations in "exceptional circumstances." *Daimler*, 134 S. Ct. at 761 ("We do not foreclose the possibility that in an exceptional case . . . a corporation's

operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State. But this case presents no occasion to explore that question, because Daimler's activities in California plainly do not approach that level."). As in *Daimler*, there are no exceptional facts here and there is no basis for general jurisdiction over AICI.[2]

### B.  Plaintiffs Have Not Met Their Pleading Burden to Establish Long-Arm Jurisdiction Over AICI.

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009); *see also RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 783 (11th Cir. 2014) (same) (per curiam); *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) ("Plaintiff''s

---

[2] While the Supreme Court recently revisited the issue of corporate personal jurisdiction in *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S.Ct. 1017 (2021), that case does not affect the analysis under *Daimler* and *Bristol-Myers Squibb* (*see infra*). The Court in *Ford* dealt with the issue of whether a product manufacturer "serves a market for a product in a State and that product causes injury in the State to one of its residents." *Id.* at 1022. Here, there is no product or injury causation at issue; this is a case about a health benefits policy issued in Indiana to an Indiana resident who happened to be flown to Florida by a Florida company that had no relationship with AICI. As discussed in the accompanying declaration, AICI is an Indiana corporation with nothing like the activities in *Ford*, and the case is therefore inapposite.

burden in alleging personal jurisdiction is to plead sufficient material facts to establish the basis for the exercise of such jurisdiction.") (per curiam); *Taylor Forge Int'l, Inc. v. Specialty Maintenance & Constr., Inc.*, 685 So. 2d 1360, 1361 (Fla. 2d DCA 1996) ("Before a court may exercise long-arm jurisdiction over a nonresident defendant, the basis for jurisdiction must be alleged with specificity in the complaint.") (emphasis added). Moreover, "[i]t goes without saying that, where the defendant challenges the court's exercise of jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present." *Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009).

In seeking to establish personal jurisdiction over a nonresident defendant, a plaintiff bears the initial burden and "must plead the basis for personal jurisdiction pursuant to the applicable long-arm statute." *Kitroser v. Hurt*, 85 So. 3d 1084, 1087 (Fla. 2012). A plaintiff can satisfy this initial burden "either by alleging the language of the statute without pleading supporting facts, or by alleging specific facts that indicate that the defendant's actions fit within one of the sections of Florida's long arm statute, section 48.193." *Biloki v. Majestic Greeting Card Co., Inc.*, 33 So. 3d 815, 819 (Fla. 4th DCA 2010); *see also Taylor Forge Int'l, Inc. v. Specialty Maintenance & Constr., Inc.*, 685 So. 2d 1360, 1361 (Fla. 2d DCA 1996) ("Before a court may exercise long-arm jurisdiction over a nonresident defendant, ***the basis for jurisdiction must be alleged with specificity*** in the complaint.") (emphasis

15

added).  Plaintiffs fail to do so here.

Plaintiffs do not allege under what provision of Florida's long-arm statute they contend jurisdiction over AICI exists. *See* FAC, ¶ 9 ("Anthem systematically and continuously conducts business in the State of Florida, and otherwise has minimum contacts with the State of Florida sufficient to establish personal jurisdiction over it.").  Regardless, at most, Plaintiffs allege that AICI engages in generic activities that are insufficient to establish a *prima facie* case of personal jurisdiction.  Plaintiffs claim AICI "transacts" and "conducts a substantial amount of business in the Middle District of Florida including marketing, advertising and selling insurance products, and insures and administers group healthcare insurance plans both inside and outside the Middle District of Florida..." FAC, ¶ 10.  Even accepting these alleged acts as true, the acts do not establish a basis for jurisdiction under Florida's long-arm statute because they have no pleading-based connection to Plaintiffs' claim that Patient K.D.'s ERISA benefits were wrongly calculated.

In this regard, Florida' long-arm statute has a close "nexus" requirement.  It provides that a person "who personally or through an agent does any of the acts enumerated in this subsection" submits himself or herself to the jurisdiction of this state "for any cause of action arising from any of the following acts."  Fla. Stat. § 48.193(1) (emphasis added); *see also Goode v. Celebrity Cruises, Inc.*, No. 16-24131-CIV, 2017 WL 4347133, at *4 (S.D. Fla. 2017) ("Specific jurisdiction arises

16

out of a party's activities in the forum that are related to the cause of action alleged in the complaint.") (internal citations omitted) (emphases added); *see also Caribe & Panama Investments, S. A. v. Christensen*, 375 So. 2d 601, 603 (Fla. 3d DCA 1979) (holding that plaintiff pleaded insufficient facts to establish jurisdiction, reaffirming "the established law that a plaintiff must allege sufficient facts that the non-resident defendant was doing business in Florida and ***that the cause of action sued upon arose out of such business*** before jurisdiction attaches") (emphasis added).

The Supreme Court has recently emphasized—if not heightened—this close nexus requirement:

> In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'… When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1781 (2017) (internal citation omitted). Other federal courts have followed suit in applying this close "nexus" requirement to their jurisdictional analysis. *See, e.g., Hinkle v. Continental Motors, Inc.*, No. 16-CV-2966, 2017 WL 3333120, at * (M.D. Fla. July 21, 2017) (dismissing suit for lack of personal jurisdiction because "In *Bristol-Myers Squibb*… the Supreme Court recently clarified the standard for… specific jurisdiction [and] reiterated that… the suit must

arise out of or relate to the defendant's contacts with the forum); *Andrew v. Radiancy, Inc.*, No. 616CV1061ORL37GJK, 2017 WL 2692840, at *3 (M.D. Fla. June 22, 2017) ("The law is clear that, when specific jurisdiction is at issue, the Court must disregard forum contacts that are not connected to the plaintiff's causes of action.").

Here, none of the activities that Plaintiffs allege AICI engaged in are connected in any way to Plaintiffs in general, let alone the ERISA claim Plaintiffs bring. First, Plaintiffs allege that AICI authorized Plaintiff Jet ICU to transport Patient K.D.; however, Plaintiffs admit that the alleged authorization allegedly occurred in Grenada, not Florida. FAC, ¶ 17. Second, Plaintiffs appear to vaguely allege that AICI may have contracts with a "host" Florida plan while AICI itself is the "home" plan, although Plaintiffs wholly fail to identify any Florida-based entity aside from themselves. FAC, ¶¶ 29-34. Moreover, an allegation about a contract AICI may have with an entity other than Plaintiffs does not confer personal jurisdiction over them. *See Bristol-Myers Squibb Co.*, 137 S. Ct. at 1777 ("The bare fact that BMS contracted with a California distributor is not enough to establish personal jurisdiction in the State."). In fact, one Florida appellate court recently held that Plaintiffs' exact same legal theory—that contracting with Florida Blue establishes specific jurisdiction over a nonresident insurance company—was legally insufficient and failed to confer jurisdiction. *See Carefirst of Maryland, Inc. v.*

18

*Recovery Vill. at Umatilla, LLC*, 248 So. 3d 135, 136 (Fla. 4th DCA 2018) (rejecting the notion that being "a licensee of Blue Cross and participat[ing] in the Blue Card Program, which allows members to receive treatment nationwide while allowing the defendant to charge the in-state discounted rates that Blue Cross uses in that state" is sufficient to confer personal jurisdiction over that licensee).

Plaintiffs' third allegation—that AICI "transacts business in the Middle District of Florida… including marketing, advertising and selling insurance products"—is as conclusory as it is irrelevant.  Plaintiffs do not allege that any of this business or these advertisements were related to Plaintiffs, or even to air ambulance or emergency transport services in general. *See Aegis Def. Services, LLC v. Gilbert*, 222 So. 3d 656, 661 (Fla. 5th DCA 2017) ("Specific jurisdiction requires a connection or 'connexity' between the enumerated activity in Florida and the cause of action."). Plaintiffs also do not identify what this alleged advertising activity was; "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (affirming personal jurisdiction motion to dismiss because the plaintiff relied on "vague and conclusory allegations").

Particularly in light of the fact that "Florida's long-arm statute is to be strictly construed," *Fraser v. Smith*, 594 F.3d 842, 848 n.8 (11th Cir. 2010) (internal references omitted), Plaintiffs' superficial jurisdictional allegations are insufficient

to meet its *prima facie* pleading burden. The FAC should be dismissed. *See Taylor*, 685 So. 2d at 1361 ("Because the complaint fails to allege the basis for long-arm jurisdiction, the trial court should have granted Taylor Forge's motion to dismiss.").

**B.    Even if Plaintiffs Met Their Initial Pleading Burden, There Is No Factual Basis for Long-Arm Jurisdiction Here.**

Further, even if Plaintiffs met their initial pleading burden (they have not), there is still no basis for the proper exercise of long-arm jurisdiction over AICI.

**i.    Legal Standard for Long Arm Jurisdiction**

If a plaintiff meets its initial pleading burden, the defendant may "challenge[] jurisdiction by submitting affidavit evidence in support of its position" that no such jurisdiction in fact exists. *Mazer*, 556 F.3d at 1274.  If the defendant does so, the burden again shifts, and "the plaintiff bears the burden of proving sufficient jurisdiction by affidavits or other sworn statements." *Abramson v. Walt Disney Co.*, 132 F. App'x 273, 275 (11th Cir. 2005); *see also Mazer*, 556 F.3d at 1274 ("Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.") (internal quotations and citation omitted).  In all events, as at the pleading stage, "[i]t goes without saying that, where the defendant challenges the court's exercise of jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present." *Oldfield*, 558

20

F.3d at 1217.

In undertaking this jurisdictional analysis, Florida law regards the statutory requirements as overlapping with due process requirements, but not as identical. *See Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989) ("The mere proof of any one of the several circumstances enumerated in section 48.193 as the basis for obtaining jurisdiction of nonresidents does not automatically satisfy the due process requirement of minimum contacts."). Thus, courts must follow a two-step approach: (1) determine if jurisdiction is factually appropriate under the state long-arm statute; and (2) determine if jurisdiction would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See id.* at 500-02; *see also Mazer*, 556 F.3d at 1274; *Cross Country Home Servs., Inc. v. Home Serv. USA Corp.*, No. 08-61456-CIV, 2010 WL 55439, at *2 (S.D. Fla. Jan. 6, 2010). Applied to the record evidence here, Plaintiffs cannot meet either step of this controlling inquiry.

### ii.    The Record Evidence Establishes AICI's Lack of Minimal Contacts with Florida

AICI is an Indiana Corporation with its principal place of business located in Indianapolis, Indiana. *See* Kersey Decl., ¶ 3.  AICI does not maintain any corporate office outside the State of Indiana.  *Id.*  AICI is not authorized or licensed to sell insurance in the State of Florida and is not registered with the Florida Office of

Insurance Regulation. *Id*. ¶ 4. AICI does not pay Florida taxes. *Id*. ¶ 6. AICI does not maintain, and has never maintained, an office or any type of presence in the State of Florida and does not have an agent for service of process in this State. *Id*. Further, AICI does not specifically direct advertising or promotional materials to the State of Florida, including advertisements on television, radio, or newspapers. *Id*. AICI does not solicit any business in the State of Florida, whether via mail, facsimile, email, or telephone. *Id*. AICI never contracted with Plaintiff Jet ICU either in Florida or Indiana, or elsewhere, regarding the claims at issue in this case. *Id*. ¶ 8. At all times relevant to this dispute, Plaintiff Jet ICU was an out-of-network provider that did not have a participating provider contract with AICI. *Id*. ¶ 7. In short, and contrary to Plaintiffs' superficial allegations, AICI exhibits none of the factual hallmarks of "conduct[ing] a substantial amount of business in Florida." FAC, ¶ 10.

The fact that Jet ICU, the patient at issue, or the respective medical providers may have chosen to be transported to Florida does not support jurisdiction. *See, e.g., Courboin v. Scott*, 596 F. App'x 729, 734 (11th Cir. 2014) ("[T]the unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."); *Kindred Hosps. E., LLC v. Buffalo Bd. of Educ.*, No. 8:17-cv-1106-T-24MAP, 2017 WL 3622154, at *4 (M.D. Fla. Aug. 23, 2017) ("The Court agrees with Defendants that they did not purposefully avail themselves of the privilege of conducting business within Florida.

22

The only connection Defendants have with Florida is a result of the unilateral activity of the Insured.").

Accordingly, there are no Florida contacts by AICI related to Plaintiff's causes of action. Thus, AICI has not purposely availed itself of the privileges of conducting business activities within this state and could not reasonably have expected to be hauled into a Florida court. Nor would exercising personal jurisdiction over them comport with notions of fair play and substantial justice. The FAC against AICI should be dismissed.

## III. PLAINTIFFS ALSO FAIL TO STATE A CLAIM FOR BENEFITS UNDER ERISA

In addition to being ripe for dismissal due to failures to sufficiently allege standing and personal jurisdiction, Plaintiffs' FAC should also be dismissed as it fails to state an ERISA claim for benefits sufficient to meet the requisite pleading standard. To state a claim for benefits under ERISA, a plaintiff must plead facts showing that there are "benefits due" to them "under the terms of" an ERISA plan. *See* 29 U.S.C. § 1132(a)(1)(B). This means Plaintiffs are required to identify the specific plan terms that confer the benefits sought. *RMP Enterprises, LLC v. Connecticut Gen. Life Ins. Co.*, No. 9:18-CV-80171, 2018 WL 6110998, at *6 (S.D. Fla. Nov. 21, 2018) (citing *Sanctuary Surgical Ctr. v. UnitedHealth Group, Inc.*, 2013 WL 149356, at *3 (S.D. Fla. 2013); *Polk Medical Center, Inc. v. Blue Cross*

*and Blue Shield of Georgia, Inc.*, No. 1:17-cv-3692, 2018 WL 624882, at *3 (N.D. Ga. Jan. 30, 2018).

Eleventh Circuit courts have clearly articulated that to state a claim for relief under ERISA, the complaint must identify the controlling ERISA plans that purportedly confer the claimed benefit and must identify the specific terms and provisions of the plans on which a plaintiff relies. *In re Managed Care Litig.*, No. 08-20005-CIV, 2009 WL 742678, at *3-4 (S.D. Fla. Mar. 20, 2009); *Sanctuary Surgical Ctr., Inc. v. UnitedHealth Grp., Inc.*, No. 10-81589-CIV, 2013 WL 149356, at *5-6 (S.D. Fla. Jan. 14, 2013) ("[B]enefits payable under an ERISA plan are limited to the benefits specified in the plan," and, accordingly, "[a] plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question.") (quoting *Stewart v. Nat'l Educ. Ass'n*, 404 F. Supp. 2d 122, 130 (D.D.C. 2005)). If a complaint fails to adequately identify the specific plans and their terms, then "the action must be dismissed for failure to state a claim." *Stewart*, 404 F. Supp. 2d at 131.

Here, despite having the applicable plan documents in their possession, Plaintiffs still fail to identify a single provision of the Plan that AICI allegedly violated. That is, quite simply, because they cannot do so: AICI has not violated the underlying Plan with Patient K.D. Accordingly, Plaintiffs fail to state a claim for additional benefits under ERISA § 502(a)(1)(B) and their claim should be dismissed

on these additional grounds as well.

## IV.    PLAINTIFFS' FAC SHOULD BE DISMISSED WITH PREJUDICE AS AMENDMENT IS FUTILE

Quite simply, Plaintiffs cannot amend the FAC to remedy to myriad of issues precluding them from bringing a viable claim against AICI.  A court may dismiss a complaint without affording an opportunity to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam). Where, as here, Plaintiffs have already amended and such amendment still fails to resuscitate the underlying claim, the Court should dismiss without leave for further amendment.

### <u>CONCLUSION</u>

For all of the foregoing reasons, the Court should enter an Order granting this Motion and dismissing the Complaint with prejudice.

Respectfully,

TROUTMAN PEPPER
HAMILTON SANDERS LLP

*/s/ Chad R. Fuller*
Chad R. Fuller, Esq.
*Admitted Pro Hac Vice*
Virginia Bell Flynn, Esq.
*Admitted Pro Hac Vice*

Marlee (Waxelbaum) Santos, Esq.
*Admitted Pro Hac Vice*
Gillian Williston, Esq.
(FL Bar No. 14270)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7517
Facsimile: (757) 687-7510
Emails: Chad.Fuller@troutman.com
Virginia.Flynn@troutman.com
Marlee.Santos@troutman.com
Gillian.Williston@troutman.com

*Counsel for Defendant Anthem Insurance Companies, Inc., d/b/a Anthem Blue Cross and Blue Shield*

## <u>CERTIFICATION AND CERTIFICATE OF SERVICE</u>

I hereby certify that on June 1, 2021, this *Motion to Dismiss Plaintiffs' First Amended Complaint* was electronically filed with the Clerk of Court using the CM/ECF electronic filing system, which will then send a notification of such filing to counsel of record.


*/s/ Chad R. Fuller*
Chad R. Fuller, Esq.

*Counsel for Defendant*