# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

WORLDWIDE AIRCRAFT
SERVICES, INC. and MICHAEL
BRANNIGAN,

      Plaintiffs,

v.                                                                    Case No: 8:21-cv-456-CEH-AAS

ANTHEM INSURANCE
COMPANIES, INC.,

      Defendant.

_____/

## ORDER

This matter comes before the Court on Defendant's Renewed Motion to Dismiss First Amended Complaint (Doc. 28), which Plaintiffs oppose (Doc. 31). In the motion, Defendant Anthem Insurance Companies, Inc. seeks an order dismissing, with prejudice, Plaintiff's Amended Complaint.  The Court, having considered the motion and being fully advised in the premises, will grant Defendant's Renewed Motion to Dismiss First Amended Complaint, dismiss the Amended Complaint without prejudice, and grant Plaintiffs leave to amend.

## I.    BACKGROUND[1]

---

[1] The following statement of facts is derived from the Amended Complaint (Doc. 14), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

Plaintiff, Worldwide Aircraft Services, Inc. d/b/a Jet ICU ("Jet ICU") initiated this action on February 25, 2021, against Defendant Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield ("Anthem") for under-reimbursement of benefits for air ambulance services Jet ICU provided to Patient K.D. Doc. 1. On April 15, 2021, Michael Brannigan, attorney-in-fact for Patient K.D. ("Brannigan") and Jet ICU (collectively "Plaintiffs"), filed an Amended Complaint, seeking unpaid benefits under an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Doc. 14.

In the Amended Complaint, Plaintiffs seek recovery of unpaid benefits arising from medical services provided by Jet ICU on behalf of Patient K.D. *Id.* ¶ 3-7. Jet ICU is an on-call jet air ambulance service based out of Tampa, Florida. *Id.* ¶ 3, 11. It provides air transport for critically ill and injured patients to medical facilities by virtue of a fixed wing jet aircraft crewed by trained medical personnel. *Id.* ¶ 13.

On November 22, 2019, Patient K.D., a passenger of Princess Cruise Line's "Crown Princess," was diagnosed with liver failure and pneumonia after exhibiting a variety of symptoms. *Id.* ¶ 2. Jet ICU, the on-call jet air ambulance service for Princess Cruise Lines, received Patient K.D. at the port of Grenada and transported K.D. to Broward Health Medical Center in Fort Lauderdale, Florida via air ambulance. *Id.* ¶ 3, 16.

After concluding that the emergency service was medically necessary, Anthem provided preauthorization to Jet ICU for the transport service. *Id.* ¶ 4, 17.[2] Anthem, a Blue Cross Blue Shield licensee, participated in the Blue Card Program and National Accounts System. *Id.* ¶ 28. Under this plan, Jet ICU was an out-of-network out-of-area provider with the Defendant, Anthem. *Id.* ¶ 18, 33. Therefore, at the time Jet ICU performed its services, it did not have a pre-negotiated contract with Defendant. *Id.* As a result of Jet ICU's status as an out-of-network out-of-plan provider, the reimbursement methodology, under the Certificate, requires the claim to be priced as required by state or federal law – in this case Fla. Stat. § 627.64194. *Id.* ¶ 34. Further, the Certificate also states that "the Maximum Allowed Amount for out of area claims may be based on billed charges." *Id.* ¶ 34.

Plaintiff, Jet ICU, submitted an invoice on a CMS-1500 form to Defendant, Anthem, for $414,597.00. *Id.* ¶¶ 5, 44. Anthem paid the amount of $25,675.40, leaving an unreimbursed amount of $388,922.60. *Id.* ¶ 45. The unreimbursed amount was appealed through the service of three letters attaching medical documentation, the CMS-1500 form, and trip records. *Id.* ¶ 36. Plaintiff, Michael Brannigan, is an attorney-in-fact for Patient K.D., pursuant to a Power of Attorney from K.D. *Id.* ¶¶ 11, 37.[3]

---

[2] The Amended Complaint references an attached exhibit, but no exhibit is attached to the pleading. An exhibit is attached to the original complaint (Doc. 1-2). It is a letter to Kent Dickerson from Anthem approving the request for medical care services provided by Jet ICU. The letter notes that Jet ICU is an "out-of-network provider" and if it charges more than the plan covers, the member has "to pay the difference." *Id.* at 1.

[3] Plaintiffs do not attach the Power of Attorney to the Amended Complaint, but they recite a paragraph from it. *See* Doc. 14 ¶ 37. However, Plaintiffs filed a declaration with their response to the motion to dismiss in which they include a copy of the Power of Attorney dated April

Plaintiffs seek recovery of the under-reimbursed amount of $388,922.60, plus statutory interest. *Id.* ¶¶ 45, 56.[4] The plan member owes the unreimbursed amount. *Id.* ¶ 5.

Anthem moves to dismiss the Amended Complaint in its entirety, with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. 28. More specifically, Defendant argues the Amended Complaint is subject to dismissal because Plaintiffs lack standing to bring a claim under ERISA, fail to allege personal jurisdiction, and fail to allege with sufficient detail a claim for benefits under ERISA. *Id.*

In response, Plaintiffs contend that the grant of a Power of Attorney provides standing. Although not attached to the Amended Complaint, Plaintiffs submit a Declaration of counsel providing a copy of the Power of Attorney. *See* Doc. 31-1. Plaintiffs argue that ERISA authorizes nationwide service of process over a nonresident defendant and thus the Court has personal jurisdiction over Anthem. Finally, Plaintiffs submit that the allegations of the Amended Complaint identify plan terms under which they seek benefits, and thus they state a claim for ERISA benefits in the Amended Complaint. Doc. 31.

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief."

---

7, 2021, which contains a scrivener's error, and a corrected Power of Attorney dated May 24, 2021. Doc. 31-1.

[4] Numbering in Plaintiff's Amended Complaint skips from ¶ 45 to ¶ 56. *See* Doc. 14 at 8–9.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient.   *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient.   *Id.*  A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face."  *Id.* (quoting *Twombly*, 550 U.S. at 570).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* (citation omitted).   The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint.   *Id.*

A facial attack on subject matter jurisdiction under Rule 12(b)(1) "requires [] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citations omitted). In assessing a motion to dismiss pursuant to Rule 12(b)(1) the Court affords Plaintiff the same safeguards as those provided in opposing a Rule 12(b)(6) motion, it considers all allegations of the complaint as true and is confined to the four corners of the complaint. *Id.*

## III.   DISCUSSION

In its motion, Anthem seeks dismissal of the Amended Complaint for lack of standing, lack of personal jurisdiction, and failure to state a claim.

## A.    Standing

Anthem first argues that neither Jet ICU nor Brannigan have standing to bring an ERISA claim. Doc. 28. Specifically, Anthem contends that healthcare providers, such as Jet ICU, are not participants or beneficiaries, and thus, they lack independent status to sue under an ERISA plan for benefits. Under 29 U.S.C. § 1132(a)(1), a civil action under ERISA may be brought only by a participant or beneficiary.[5] *See Hobbs v. Blue Cross Blue Shield of Alabama*, 276 F.3d 1236, 1241 (11th Cir. 2001) ("ERISA's civil enforcement section permits two categories of individuals to sue for benefits under an ERISA plan—plan beneficiaries and plan participants."). Defendant is correct that "[h]ealthcare providers . . . generally are not considered 'beneficiaries' or 'participants' under ERISA." *Id.* However, "[b]ecause ERISA–governed plans are contracts, the parties are free to bargain for certain provisions in the plan—like assignability." *Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes*, Inc., 371 F.3d 1291, 1296 (11th Cir. 2004).

"When addressing a defendant's motion to dismiss for lack of standing, the court evaluates standing based on the facts of the complaint." *Surgery Ctr. of Viera, LLC v. UnitedHealthcare, Inc.*, 465 F. Supp. 3d 1211, 1217 (M.D. Fla. 2020) (citing *Shotz v.*

---

[5] Under ERISA, a "participant" is "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8); *Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1351 (11th Cir. 1998).

*Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)). Here, Plaintiffs do not allege the existence of an assignment of benefits. Rather, Brannigan relies on a Power of Attorney to confer standing as to K.D. and Jet ICU. Anthem argues that Plaintiffs fail to attach the Power of Attorney to the Amended Complaint and thus this demonstrates that it cannot withstand scrutiny. This argument is unpersuasive as Plaintiffs have cured any deficiency by attaching the Power of Attorney to their response to the motion to dismiss. *See* Doc. 31-1.

Anthem further argues that an attorney-in-fact may not act for its own benefit, which it urges Brannigan does here. *See In re Estate of Bell*, 573 So. 2d 57, 59 (Fla. 1st DCA 1990) (power of attorney did not authorize agent to use principal's funds for her own personal benefit). As alleged by Plaintiffs, this case is brought in the name of and for the benefit of Patient K.D. Considering the Power of Attorney and accepting Plaintiffs' well-pleaded allegations as true, at least at this stage of the litigation, Plaintiffs have sufficiently alleged Brannigan's standing as attorney-in-fact for Patient K.D.

The Court agrees with Anthem, however, that Plaintiffs fail to demonstrate standing by Brannigan as attorney-in-fact for Jet ICU. Anthem submits that the Power of Attorney is simply a means by which Jet ICU acts for its own benefit, and Anthem argues Brannigan may not use a Power of Attorney to bring a claim in Jet ICU's name and for its own benefit.

Plaintiffs submit that Brannigan's Power of Attorney is different than an assignment and confers standing on him and grants him the authority to act as

Attorney-in-Fact for the provider. Plaintiffs cite to *Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 454 (3d Cir. 2018), for the proposition that a patient could grant his provider a valid power of attorney to pursue claims for benefits on his behalf. While the court in that case found a valid anti-assignment clause does not necessarily preclude a member from granting a valid power of attorney, no such valid power of attorney existed in that case. *Id.* at 455. Significantly, that court recognized, a power of attorney "does not transfer an ownership interest in the claim, . . . but simply confers on the agent the authority to act 'on behalf of the principal.'" *Id.* at 455. As noted above, on the facts pleaded, the Court accepts Brannigan's standing for the principal, that is, K.D. Absent an authorized assignment, however, Plaintiffs fail to demonstrate an independent basis for Brannigan's standing on behalf of Jet ICU. Plaintiffs do not allege Jet ICU has an assignment, nor do they allege any other basis for Jet ICU to assert a claim for benefits under the plan.

Anthem urges that even if an assignment existed, the unambiguous non-assignment clause in the Plan requires dismissal of the Amended Complaint because any assignment of benefits to Jet ICU is invalid. Anthem attaches a copy of the health benefits booklet (also referred to as the "Certificate") to its motion and cites to the anti-assignment provisions contained therein.[6] Doc. 28 at 8. The Plan at issue in this case contains two anti-assignment provisions:

> You cannot assign your right to receive payment to anyone[.]
> . . .

---

[6] The Certificate is the legal document explaining coverage under the ERISA Plan (Doc. 28-1 at 11) and will be referred to hereafter as the "Plan."

8

> Members cannot legally transfer the coverage. Benefits available under this Certificate are not assignable by any Member without obtaining written permission from the Plan, unless in a way described in this Certificate.

Doc. 28-1 at 92. Thus, by the plain terms of the Plan's anti-assignment provision, any assignment of a claim for benefits is prohibited absent written permission. *See Surgery Center of Viera, LLC v. Blue Cross and Blue Shield of Florida, Inc.*, Case No. 6:19-cv-630-WWB-GJK, 2019 WL 5393817, at *2 (M.D. Fla. Oct. 10, 2019) (dismissing with prejudice ERISA claim for production of the administrative record and statutory penalties brought by healthcare provider, where plan had a valid anti-assignment clause which "unambiguously prohibits the assignment of administrative claims."); *Surgery Center of Viera, LLC v. Se. Surveying & Mapping Corp.*, Case No. 6:17-cv-754-PGB-TBS, 2018 WL 922202, at *3-4 (M.D. Fla. Jan. 31, 2018) (dismissing with prejudice ERISA claims, including claim under 29 U.S.C. § 1024(b)(4), brought by healthcare provider who lacked standing due to a valid anti-assignment clause contained in the plan).

The Court may appropriately consider the Plan attached as an exhibit to the motion to dismiss without converting the motion to one for summary judgment where, as here, the Plan is central to Plaintiffs' claims and the document is undisputed. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *see Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]hen the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule

12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.") "A document is central to a complaint when it is a 'necessary part of [the plaintiff's] effort to make out a claim." *Madura v. Bank of Am., N.A.*, 767 F. App'x 868, 870 (11th Cir. 2019) (per curiam) (alteration in original) (quoting *Day*, 400 F.3d at 1276). "In this context, 'undisputed' means the authenticity of the document is not challenged." *Day*, 400 F.3d at 1276.

As Plaintiffs have failed to allege written permission for an assignment of benefits and the anti-assignment provision in the Plan appears to preclude an assignment of claims in any event, Plaintiffs' Amended Complaint fails to allege the basis for Jet ICU's standing to assert a claim. Thus, Jet ICU's ERISA claim is due to be dismissed because Jet ICU fails to establish that it has standing to assert an ERISA claim. These deficiencies appear to be fatal as to Jet ICU and unable to be remedied through amendment. However, given Rule 15's liberal amendment policy, the Court will grant Jet ICU one final opportunity to attempt to allege standing and state a claim against Anthem. *See* Fed. R. Civ. P. 15(a)(2) (leave to amend should be freely given when justice so requires).

### B.    Personal Jurisdiction

Anthem next argue that Plaintiffs fail to allege personal jurisdiction over it. Specifically, Anthem contends Plaintiffs are unable to satisfy the requirements of Florida's long-arm jurisdiction because Anthem lacks the requisite connections to Florida in order to subject it to jurisdiction here. Doc. 28 at 12–20. Anthem's long-arm

jurisdiction analysis is unpersuasive in the context of this ERISA action. "[W]hen the personal jurisdiction of a federal court is invoked based upon a federal statute providing for nationwide or worldwide service, the relevant inquiry is whether the respondent has had sufficient minimum contacts with the United States." *U.S. S.E.C. v. Carrillo*, 115 F.3d 1540, 1543 (11th Cir. 1997) (collecting cases). Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), provides for nationwide service of process. And Anthem, an Indiana health insurance company, certainly has minimum contacts with the United States. Thus, personal jurisdiction over Anthem is proper if it does not offend the due process requirements of the Fifth Amendment.[7]

Relevant to the jurisdictional analysis, § 1132(e) provides:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2). Plaintiffs argue that venue, and therefore jurisdiction, is proper where a party would have received ERISA benefits but for a defendant's alleged wrongdoing. Doc. 31 at 13. In support, Plaintiffs direct the Court to their allegations that the breach occurred in this District because Anthem failed to reimburse Jet ICU,

---

[7] "When a district court's subject matter jurisdiction is founded upon a federal question, the constitutional limits of the court's personal jurisdiction are fixed, in the first instance, not by the Fourteenth Amendment but by the Due Process Clause of the Fifth Amendment." *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992).

a Tampa company, for ERISA benefits under the Plan. Thus, Plaintiffs' argument is premised on Jet ICU's standing. This argument is troubling.

Given the Court's conclusion above that Plaintiffs fail to establish Jet ICU's standing, the Court questions venue in Tampa. The action was filed here because Jet ICU is here. By the Power of Attorney, Plaintiffs seek benefits under the Plan purportedly for K.D. According to the Power of Attorney, the member is a resident of the state of Indiana, and presumably, would receive his benefits there. Doc. 31-1 at 3. Additionally, the Defendant is in Indiana. Plaintiffs cite caselaw for the proposition that where a plaintiff receives his or her benefits is an appropriate venue for ERISA purposes. Doc. 31 at 13. However, Plaintiffs attempt to argue this should be Jet ICU. But as discussed above, the claim for benefits, absent an assignment, can only be made by a plan participant or beneficiary, which would be K.D.

To the extent Plaintiffs attempt to argue that Brannigan's Tampa address supports venue here, the Court is unpersuaded. *See, e.g., Northern Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (for citizenship purposes, "it has generally been held that federal courts must look to the individuals being represented rather than their collective representative"). Brannigan's only rights are those derived from K.D. Because the Court is allowing Plaintiffs leave to amend their complaint, Plaintiffs shall address the Court's concerns regarding jurisdiction and venue in their amended pleading, particularly given the finding that, as alleged, Jet ICU lacks standing.

### C.    ERISA Claim

Anthem moves to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failing to state a claim under ERISA. Anthem argues Plaintiffs fail to cite to the Plan provisions under which they seek recovery. "[A] plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." *Sanctuary Surgical Ctr., Inc. v. UnitedHealth Grp., Inc.*, No. 10-81589-CIV, 2013 WL 149356, at *3 (S.D. Fla. Jan. 14, 2013) (citations omitted). Plaintiffs direct the Court to paragraphs 33, 34, and 35, which rely on Fla. Stat. § 627.62194 regarding the provision of emergency services and an insurer's liability for the payment of such services. As argued by Anthem, this does not identify the claimed benefit under the Plan as it relates to benefits payable to K.D. As the Court is granting Plaintiffs leave to amend, Plaintiffs will be given the opportunity to cure any deficiencies in their failure to identify a specific Plan provision under which benefits are claimed, particularly given the Court's conclusion above that Jet ICU lacks standing.[8] Accordingly, it is hereby

**ORDERED**:

1.    Defendant's Renewed Motion to Dismiss First Amended Complaint (Doc. 28) is **GRANTED**.

2.    Plaintiffs' First Amended Complaint is **DISMISSED without prejudice**.

---

[8] Additionally, as noted above, the numbered paragraphs of the Amended Complaint skip from ¶ 45 to ¶ 56. *See* Doc. 14 at 8–9. It is unclear whether a page is missing or the paragraphs are simply misnumbered. In any event, amendment will allow Plaintiffs the opportunity to correct this, as well as attach any documents upon which they rely.

3.       Plaintiffs are given one more opportunity to amend to correct the deficiencies discussed herein. If they choose to amend, Plaintiffs shall file a Second Amended Complaint within **fourteen (14) days**. Failure to file a Second Amended Complaint within the time permitted will result in dismissal of this action, without prejudice and without further notice.

**DONE AND ORDERED** in Tampa, Florida on March 16, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any