IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a/ JET ICU,<br><br>Plaintiff,<br><br>v.<br><br>ANTHEM INSURANCE COMPANIES, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD,<br><br>Defendant. | Case No. 8:21-cv-456-CEH-AAS |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(3) and L.R. S.D. Fla. 7.1, Defendant Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield ("AICI"), by and through undersigned counsel, moves the Court for the entry of an Order dismissing Plaintiffs' Second Amended Complaint (the "SAC" [Dkt. 40]) for improper venue. After Plaintiff has repleaded, it is now clear that this is an ERISA case brought on behalf of an Indiana plaintiff against an Indiana insurance company based on a policy issued to an Indiana employer for an alleged breach that occurred, if anywhere, in Indiana. The only connections to Florida are that Worldwide Aircraft Services, Inc. dba Jet ICU ("Jet ICU"), now a non-party, is located in Florida, and that Michael Brannigan, ("Branningan") Jet ICU's General Counsel, has brought this

case pursuant to an alleged power of attorney issued by the passenger, whom he purports to represent as attorney-in-fact. Because AICI cannot be "found" in Florida as required by 29 U.S.C. § 1132(e)(2), AICI requests that the Court dismiss this action or, in the alternative, order it transferred to Indiana.

## I. INTRODUCTION

Plaintiff, Michael Brannigan as attorney-in-fact for Patient K.D. ("Brannigan") is an out-of-network air ambulance company's attorney purporting to act pursuant to a power of attorney ("POA") received from AICI's member. He brings a single claim for benefits under the Employee Retirement Income Security Act ("ERISA"). Plaintiff disagrees with the amount that AICI determined was provided under the member's plan for an out-of-network flight transporting the member from Granada to Florida after the member fell ill on a cruise ship in 2019.

Plaintiff's Second Amended Complaint comes after this Court granted AICI's Motion to Dismiss the First Amended Complaint without prejudice for lack of standing, lack of personal jurisdiction, and failure to state a claim. [Dkt. 38]. This Court moreover granted Plaintiff leave to amend to address the Court's concerns regarding standing, jurisdiction, venue, and identifying the specific Plan provisions under which benefits are claimed.

Plaintiff chose not to cure Jet ICU's pleading deficiencies, and so the only Plaintiff in this case is now Brannigan. However, Brannigan is not able to cure the

2

Court's concerns regarding venue. ERISA's venue statute identifies only three locations in which a lawsuit can be filed: (1) where the plan is administered, (2) where the breach took place, and (3) where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Plaintiff's SAC fails to allege support for any of these three locations. Particularly, Plaintiff submits a declaration attempting to show that an office in this District belongs to AICI. However, that office belongs to Simply Healthcare, which is an entirely different company than AICI.

For all these reasons, Plaintiff's SAC should be dismissed, or in the alternative, transferred to the appropriate venue.

## II. BACKGROUND

### A. Procedural Background

Jet ICU filed a Complaint on February 25, 2021, bringing a claim for breach of implied-in-fact contract. [Dkt. 1.] Following the Parties meeting and conferring and Defendant AICI providing Jet ICU with the Plan, Jet ICU and Brannigan filed a First Amended Complaint ("FAC") on April 15, 2021. [Dkt. 14.] Defendant AICI filed its Renewed Motion to Dismiss the First Amended Complaint on June 3, 2021, for lack of standing, lack of personal jurisdiction, and failure to state a claim. [Dkt. 28.] Jet ICU and Brannigan filed its opposition to the Motion to Dismiss on July 23, 2021. [Dkt. 31.]

This Court granted Defendant's Renewed Motion to Dismiss the First

Amended Complaint on March 16, 2022, and dismissed the FAC without prejudice, but giving Jet ICU and Brannigan leave to amend. [Dkt. 38.] This Court determined that Jet ICU failed to establish that it had standing to assert an ERISA claim and dismissed Jet ICU's ERISA claim. This Court also found that Tampa was not the appropriate venue because Jet ICU (a Tampa company) did not have standing to bring the case. Moreover, Brannigan's Tampa address did not support venue because Brannigan's only rights were derived from Patient K.D., who resides in Indiana. Lastly, this Court found that Jet ICU and Brannigan failed to state a claim under ERISA because they did not identify the claimed benefit under the Plan as it related to benefits payable to K.D. The Court gave Jet ICU and Brannigan another opportunity to amend their Complaint to correct the deficiencies by filing a Second Amended Complaint within 14 days. Plaintiff Brannigan filed its Second Amended Complaint on March 28, 2022, which is the subject of this Motion to Dismiss. [Dkt. 40.] The Second Amended Complaint brings only an ERISA claim on behalf of Patient K.D. and does not allege state law claims or claims on behalf of Brannigan personally or on behalf of Worldwide.

**B.** **Factual Background**

The SAC alleges that Jet ICU provided air ambulance services to AICI's beneficiary, Patient K.D., on or about November 22, 2019, after Patient K.D. became ill on a cruise. SAC ¶ 3. Jet ICU identifies itself as the "on-call Jet air

ambulance service for Princess Cruise Line" but is an out-of-network provider for AICI meaning that it has no express contract with AICI to provide services to AICI's members. *Id.* Patient K.D. is a member of a health benefits plan (the "Plan") that is administered by AICI and covered by ERISA. Plaintiff alleges that AICI preauthorized Jet ICU's services as medically necessary but do not make any allegations regarding representations made by AICI as to an agreed upon rate to transport AICI's member. SAC ¶¶ 4-5. Plaintiff alleges that AICI reimbursed $25,675.40 of the $415,597.00 amount billed leaving an unreimbursed amount of $388,922.60. SAC ¶ 5. While Plaintiff admits that his claim for additional benefits for Patient K.D. is governed by ERISA, he also claims Patient K.D. is entitled to "the usual and customary amount governed by Fla. Stat. § 627.513(5) for emergency services (net of the applicable copayment)" or "the out-of-network out-of-area rate specified in the AICI Blue Access Health Certificate of Coverage issued to patient K.D." SAC ¶¶ 1, 6-7. Plaintiff does not cite to any provision in the Plan supporting these allegations.

Plaintiff's only allegations concerning that venue is proper in this district is that "(a) Anthem transacts business in the Middle District of Florida; (b) Anthem conducts a substantial amount of business in the Middle District of Florida, including marketing, advertising and selling insurance produce, and insures and administers group healthcare insurance plans both inside and outside the Middle

5

District of Florida; and (c) Defendant transacts business and is found in the Middle District of Florida." SAC ¶ 10. Plaintiff also includes an affidavit from Robert Goldner showing a building directory listing "Simply Healthcare/Anthem" as an office in the building and a sign on a door with the label Anthem in the upper left side corner of the signage. [Dkt. 40-2.]

## III. LEGAL STANDARD

When a Defendant objects to venue under Rule 12(b)(3), the Plaintiff bears the burden of showing that the venue selected is proper. *See Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988) (explaining that the plaintiff must make a prima facie showing of venue); *BP Prods. N. Am., Inc. v. Super Stop 79, Inc.*, 464 F. Supp. 2d 1253, 1256 (S.D. Fla. 2006). "The facts as alleged in the complaint are taken as true, to the extent they are uncontroverted by defendants' affidavits." *Delong*, 840 F.2d at 845. The court may also consider facts outside the complaint to determine whether venue is proper. *See Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004).

## IV. ARGUMENT

### A. Venue in the Middle District of Florida is Improper.

Plaintiff does not make any allegations in the Complaint to support its conclusion that the Middle District of Florida is the proper venue. The venue requirements for an ERISA action are provided under 29 U.S.C. § 1132(e)(2). This

provision allows any action under ERISA to be brought in the federal district court for "the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." ERISA §502(e)(2), 29 U.S.C. §1132(e)(2). Stated differently, ERISA's venue statute identifies only three locations in which a lawsuit can be filed: (1) where the plan is administered, (2) where the breach took place, and (3) where a defendant resides or may be found. *Id.*

### 1. The Plan Was Not Administered in the Middle District of Florida.

First, the plan is not administered in the Middle District of Florida. An ERISA-governed plan is typically administered where the Plan conducts business. Here, AICI conducts business out of its principal place of business in Indianapolis, Indiana, which is in the Southern District of Indiana. *See* Beth Keyser Declaration ISO Motion to Dismiss SAC ("Keyser Decl."), ¶ 3.

### 2. The Alleged Breach Did Not Take Place in the Middle District of Florida.

Second, the alleged breach did not take place in the Middle District of Florida. The Eleventh Circuit has explained that with respect to a wrongful denial of benefits under an ERISA-governed employee benefit plan, a breach occurs where the decision to deny benefits takes place. *Boyer v. J.A. Majors Co. Emps. Profit Sharing Plan*, 481 F. Supp. 454, 459 (11th Cir. 1979). In *Boyer*, the defendant plan

administrator placed a stop payment order in Texas for a pension check that it mailed to the plaintiff in Georgia. *See id.* The decision to stop payment "occurred when the Committee instructed the trustee bank to [stop payment,]" and that instruction by the Committee occurred in Texas. *Id.* Thus, the court in *Boyer* found that the breach, if any, took place in Texas where the decision to stop payment of benefits took place. *See id.*

Here, AICI's decision to determine the amount of benefits took place through its corporate headquarters in Indianapolis, Indiana. Because a breach of an employee benefit plan due to a determination of benefits occurs where the decision to determine payment is made, and because AICI's decision to determine benefits did not occur in Florida, the location of the breach alleged here does not support that venue is proper in the Middle District of Florida under 29 U.S.C. section 1132(e)(2).

### 3. AICI Cannot Be "Found" in the Middle District of Florida.

Lastly, ERISA's venue provision states that an action may also be brought "in the district where . . . a defendant may be found." 29 U.S.C. § 1132(e)(2). Courts in the Eleventh Circuit, as well as other Circuits, have interpreted "found" to mean that if personal jurisdiction is properly asserted over the defendant, the defendant is found there. *Alexandra H. v. Oxford Health Ins., Inc.*, No. 11-23948-CIV, 2012 WL 13080210, at *4 (S.D. Fla. Mar. 21, 2012) (citing cases). Courts

have determined that personal jurisdiction in an ERISA action can be properly asserted in the district when a defendant's contacts with the district are sufficient to satisfy the minimum contacts test for personal jurisdiction as provided by *International Shoe Company v. Washington*, 326 U.S. 310 (1945). *Id.* When a defendant is not present in the judicial district, *International Shoe* requires that to assert personal jurisdiction over a defendant in accordance with due process, the defendant must "have certain minimum contacts with [the judicial district] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe*, 326 U.S. at 316.

General jurisdiction arises when a defendant maintains continuous and systematic contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 408 (1984). Where the defendant's contacts with the forum are not so pervasive as to subject it to general jurisdiction, the issue whether specific jurisdiction will lie turns on an evaluation of the nature and quality of the defendant's contacts in relation to the cause of action. *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993). "In order to establish that a non-resident defendant is carrying on a business or business venture in Florida, 'the activities of the [defendant] sought to be served . . . must be considered collectively and show a general course of business activity in the State for pecuniary benefit.'" *Musiker v. Projectavision, Inc.*, 960 F. Supp. 292, 295 (S.D. Fla. 1997).

Plaintiff attempts to show that AICI is "found" in the Middle District of Florida by including an affidavit from Robert Goldner showing a building directory listing "Simply Healthcare/Anthem" as an office in the building and a sign on a door with Anthem in the upper left side corner of the signage. [Dkt. 40-2.] The office that Plaintiff identified belongs to Simply Healthcare ("Simply"). Keyser Decl., ¶¶ 6-7. Although Simply and AICI are both subsidiaries of Anthem, Inc., they are not the same corporation. *Id.* ¶ 7. AICI is an Indiana Corporation with its principal place of business located in Indianapolis, Indiana. *Id.* ¶ 3. AICI does not currently maintain, nor has it ever maintained, an office in the State of Florida. *Id.* ¶ 5. AICI moreover does not have a Florida telephone number or mailing address. *Id.*

Further, AICI does not currently specifically direct advertising or promotional materials to the State of Florida, including advertisements on television, radio, or newspapers. *Id.* AICI also does not currently solicit any business in the State of Florida, whether via mail, facsimile, email, or telephone. *Id.* In short, and contrary to Plaintiffs' superficial allegations and evidence, AICI exhibits none of the factual hallmarks of "conduct[ing] a *substantial* amount of business in Florida."[1] SAC ¶ 10 (emphasis added). Because AICI cannot be

---

[1] In the interests of full disclosure, although AICI has a pending application to transact business in the State of Florida, the application has not been approved

"found," as provided by 29 U.S.C. section 1132(e)(2), in the Middle District of Florida, venue is improper.

### B. Transferring Venues May be Appropriate.

If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision whether to transfer or dismiss a case pursuant to § 1406(a) 'lies within the sound discretion of the district court.'" *Wainwright v. Thomas*, 2014 WL 4925878, at *1 (M.D. Ala. Sept. 30, 2014). Thus, if the Court decides to transfer this case to the proper district, it should be transferred to the Southern District of Indiana, where the plan is administered, where the breach took place, and where a defendant resides or may be found. *See* 29 U.S.C. § 1132(e)(2).

## V. CONCLUSION

For all of the foregoing reasons, the Court should enter an Order granting this Motion and dismissing the Second Amended Complaint with prejudice, or in the alternative, transfer this case to the Southern District of Indiana.

---

yet as of this filing. Moreover, an intent to do business in Florida does not show "continuous and systematic contacts" or "a general course of business activity" with the forum state to support proper venue under ERISA. *See Helicopteros*, 466 U.S. at 408; *Musiker*, 960 F. Supp. at 295.

Date: May 9, 2022			Respectfully submitted,

By: */s/ Gillian Williston*

Chad R. Fuller, Esq.
*Admitted Pro Hac Vice*
Virginia Bell Flynn, Esq.
*Admitted Pro Hac Vice*
Gillian Williston, Esq.
(FL Bar No. 14270)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7517
Facsimile: (757) 687-7510
Emails: Chad.Fuller@troutman.com
Virginia.Flynn@troutman.com
Gillian.Williston@troutman.com

*Counsel for Defendant Anthem Insurance Companies, Inc., d/b/a Anthem Blue Cross and Blue Shield*

**LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), counsel for Defendant states that they conferred with counsel for Plaintiffs regarding Defendant's Motion to Dismiss via email on April 18, 2022. Counsel for Plaintiffs indicated that Plaintiffs oppose the relief requested herein.

*/s/ Gillian Williston*
Gillian Williston, Esq.
*Counsel for Defendant*

**CERTIFICATION AND CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2022, this *Memorandum in Support of Motion to Dismiss Complaint* was electronically filed with the Clerk of Court using the CM/ECF electronic filing system, which will then send a notification of such filing to counsel of record.

*/s/ Gillian Williston*
Gillian Williston, Esq.
*Counsel for Defendant*